**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**SONJA BROWN,** et al.,

Plaintiffs,

v.

**FOURMIDABLE GROUP, INC., et al.,**

Defendants.

CASE NO. 3:25 CV 2486

JUDGE JAMES R. KNEPP II

**MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

Currently pending before the Court is Defendant Fourmidable Group, Inc.'s Motion to Dismiss Plaintiffs Sonja Brown and Richera Brown's Complaint. (Doc. 17). Plaintiffs oppose (Doc. 19), and Fourmidable replies (Doc. 21). For the reasons set forth below, the Court denies Fourmidable's Motion.

## BACKGROUND

Plaintiffs' Complaint

Plaintiffs bring suit against Fourmidable Group, Inc., a property management company that manages residential housing developments, and the Lucas Metropolitan Housing Authority, which administers federally assisted housing programs in Lucas County, Ohio. *See* Doc. 1, at 1. Plaintiffs allege they were subjected to "discriminatory housing practices, including denial of reasonable accommodations, retaliation for protected activity, and an unlawful eviction without due process." *Id.* at 3. They contend Defendants' actions resulted in their loss of housing.

Per the Complaint, Plaintiffs Sonja and Richera Brown (mother and daughter, respectively), along with their son/grandson, were tenants in a complex in Toledo, Ohio managed

by Fourmidable under the oversight of LMHA. *Id.* Plaintiff Sonja Brown has a documented disability, and her minor grandson is autistic. *Id.*

In 2021 and 2022, Plaintiffs made numerous requests to both Fourmidable and LMHA for "essential services and disability-related accommodations." *Id.* Plaintiffs attach various letters regarding, *inter alia*, loose electrical plugs, water damage, damaged personal property, lack of hot water, individuals entering the residence without permission, and requests for rent assistance. *See* Plaintiffs' Ex. C.[1] Defendants "ignored or denied these requests, failed to engage in an interactive process, and neglected required repairs and accessibility measures." (Doc. 1, at 3).

In early 2021, agents and staff of Fourmidable "unlawfully enter[ed] Plaintiffs' unit without notice," causing damage to personal property and emotional distress. *Id.* Plaintiffs attach photos and videos of this purported property damage. *See* Plaintiffs' Exs. D through I. LMHA "failed to intervene, protect Plaintiffs' rights, or correct ongoing violations despite receiving formal complaints and documentation." (Doc. 1, at 3).

Plaintiff submitted a written request for relocation and protection under the Violence Against Women Act "following incidents of domestic violence and retaliatory conduct by housing staff and agents." (Doc. 1, at 3); *see also* Plaintiffs' Ex. J. The request states, "There is no relief from the unlawful entry, intrusion and damage even after reporting to HP and police." (Ex. J., at 2). It identifies the accused perpetrator as "Housing Authority and culprits." *Id.* at 4. An attached narrative description describes personal property damaged and missing from Plaintiffs' residence. *Id.* at 5-7.

---

1. With their Complaint, Plaintiffs manually filed a flash drive with various exhibits. *See* Doc. 1-2 (Notice of Manual Filing).

Plaintiffs further assert they organized a Tenant Council to advocate for safe housing conditions and shortly thereafter, "Defendants issued pretextual lease-violation notices designed to intimidate Plaintiffs and suppress protected tenant activity." (Doc. 1, at 4).

Plaintiffs contend that in April 2022, Defendants evicted them without adequate notice or due process and that, during and after the eviction, management removed their property; some such property was then "lost or damaged due to storms and looting that followed." *Id.* Plaintiffs remain displaced and have incurred storage expenses. *Id.*

Plaintiffs filed a HUD complaint. *Id*. They received a right-to-sue letter on December 11, 2023. In the letter, HUD stated that the complaint "[did] not meet the jurisdictional requirements of the [Fair Housing] Act." (Plaintiffs' Ex. B, at 1).

Plaintiffs' Complaint asserts six counts for relief: (1) violation of the Americans with Disabilities Act by failing to provide reasonable accommodations for disability-related needs; (2) violation of the Fair Housing Act by discriminating against Plaintiffs based on disability and familial status "by refusing reasonable accommodations and interfering with their right to enjoy their dwelling;" (3) retaliation under the Fair Housing Act; (4) violation of the Violence Against Women Act, by failing to "apply housing protections afforded to survivors of domestic violence;" (5) due process and equal protection violations under § 1983; and (6) violations of the Ohio Landlord-Tenant Law through retaliatory eviction, failure to maintain habitable premises, and inadequate notice provisions. (Doc. 1, at 4-5).

Plaintiffs seek compensatory damages for "emotional distress, prior property loss and related damages, including personal belongings, food, and furnishing lost before and after eviction," injunctive relief, reimbursement for storage expenses incurred since displacement,

punitive damages, and civil penalties under the FHA, VAWA, ADA and Ohio housing law. *Id.* at 5.

Municipal Court Eviction Proceedings[2]

LMHA filed a Landlord Complaint against Plaintiffs in January 2022, citing a breach of the lease for nonpayment of rent and seeking a writ of restitution for the return of the premises. *See Lucas Metro. Hous. Auth. v. Brown, et al.*, No. CVG-22-00540 (Toledo Mun. Ct.). An eviction hearing was held on February 7, 2022. *Id.* A writ of restitution was issued on February 10, 2022, and the eviction was scheduled for March 3. *Id.*

Plaintiffs filed an objection on February 23. *See* Doc. 21-1. Therein, Plaintiffs asserted proper pre-eviction procedures under Ohio law were not followed. *Id.* at 1-3. At the end of the objection, Plaintiffs asserted: (1) the eviction was retaliatory under Ohio Revised Code § 5321.02 which "prevents landlord[s] from evicting or taking other detrimental actions against a tenant for exercising statutory rights such as requesting repairs or making complaints to governmental agencies about housing safety violations;" (2) "[t]here is trespassing, encroachment, theft and destroying our personal belongings;" (3) "Federal nondiscrimination laws provide housing protections for individuals with disabilities;" and (4) "[t]he purpose of the Due Process Clause of Fourteenth Amendment prohibits the deprivation of life, liberty or property without fair procedure." *Id.* at 3. On March 7, LMHA filed a response to Plaintiffs' objection. *Lucas Metro. Hous. Auth.*, No. CVG-22-00540 (Toledo Mun. Ct.). The court cancelled the March 3 eviction date. *Id.*

2. The Court may take judicial notice of the facts of another court's docket. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004); *Lyons v. Stovall*, 188 F.3d 327 (6th Cir. 1999) ("[F]ederal courts may take judicial notice of proceedings in other courts of record.") (quoting *Granader v. Pub. Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969)). The Toledo Municipal Cout docket and underlying filings are available at: https://www.tmc-clerk.com/case-information/.

On March 9, Plaintiff also filed a motion to set aside the judgment. *Id.* On March 24, LMHA opposed. *Id.*

On March 25, 2022, the Toledo Municipal Court denied Plaintiff's objections and motion to set aside. *Id.* It found, as to Plaintiffs' objections, Plaintiffs failed to comply with a Court rule requiring a transcript, and the motion to set aside failed on its merits. *Id.* It issued a final appealable order and confirmed the writ of restitution. The eviction was then set for April 13, 2022. *Id.*

## STANDARD OF REVIEW

When deciding a motion to dismiss under Federal Civil Rule 12(b)(6), the Court tests the complaint's legal sufficiency. The Court is required to accept the allegations stated in the complaint as true, while viewing the complaint in a light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Although a complaint need not contain "detailed factual allegations," it requires more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, a complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). And "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

*Pro se* pleadings are held to a less stringent standard than pleadings written and drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the "lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.

1996). The liberal construction accorded to *pro se* litigants does not "abrogate basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to "conjure up unpleaded facts" or create claims for *pro se* plaintiffs. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation modified); *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Instead, a *pro se* plaintiff's pleadings must offer fair notice to the defendants of what the plaintiff's claims are and the grounds they are asserted under. *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996). The complaint still must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

Fourmidable moves to dismiss Plaintiffs' Complaint against it in its entirety, contending all claims "are barred by claim preclusion and issue preclusion" because "the eviction was already adjudicated by the Toledo Municipal Court, which is a court of competent jurisdiction." (Doc. 17, at 5). They contend *res judicata* bars Plaintiffs' claims because the eviction was lawful, Plaintiffs could have brought their now-asserted claims in that eviction proceeding, the same parties (Plaintiffs and LMHA) were parties to that proceeding, and Fourmidable is in privity with LMHA. *Id.* at 7. Plaintiffs contend Defendants' motion "mischaracterizes both the scope of the municipal eviction proceeding and the nature of Plaintiffs' Complaint" which "alleges independent violations of federal law." (Doc. 19, at 1). Plaintiffs argue their Complaint asserts claims regarding "federally protected civil rights and discriminatory housing practices before, during, and after the eviction process, not merely the legal validity of the eviction judgment." *Id.* at 5. For the reasons set forth below, the Court denies Fourmidable's Motion.

Federal Courts must give the same preclusive effect to a state court judgment as that judgment receives in the rendering state. 28 U.S.C. § 1738; *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007). "The doctrine of res judicata encompasses the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel." *O'Nesti v. DeBartolo Realty Corp.*, 862 N.E.2d 803, 806 (Ohio 2007). "Claim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action. Where a claim could have been litigated in the previous suit, claim preclusion also bars subsequent actions on that matter." *Id.* (internal citations omitted). "Issue preclusion, on the other hand, serves to prevent relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies." *Id.* It applies "even if the causes of action differ." *Id.*

Fourmidable argues broadly, "[b]ecause the Toledo Municipal Court already adjudicated Plaintiffs' eviction was lawful, Plaintiffs' claims are barred by *res judicata*." (Doc. 17, at 1). Relying on *Grace v. K&D Group, Inc.*, 2014 WL 296926, at *2 (N.D. Ohio), it asserts this court "previously held that filing a wrongful eviction [action] in federal court is precluded where the matter has already been adjudicated in the municipal court." (Doc. 17, at 6). While Fourmidable identifies the correct legal standard, the Court finds Plaintiffs Complaint is more than a mere "wrongful eviction" action. *See id.* at 8) (describing Plaintiffs' claims collectively as 'wrongful eviction for discriminatory purposes").

Plaintiffs' Complaint asserts *inter alia*, Fourmidable staff entered their property without notice and damaged or removed their property both before and after the eviction and ignored or denied requests for disability accommodations. (Doc. 1, at 3-4). Liberally construed, these

allegations stand apart from the eviction itself. *Grace* is distinguishable in that plaintiffs therein did not allege any facts unrelated to the underlying eviction. 2014 WL 296926, at *2. Fourmidable attacks Plaintiffs' claims collectively and does not develop a claim-by-claim preclusion argument. Because the Court is "not in the business of developing parties' arguments for them," *Parker v. Winwood*, 938 F.3d 833, 837 (6th Cir. 2019), the Court does not address whether *res judicata* bars any individual claim. Thus, on the argument presented, the Court finds Fourmidable has not demonstrated all of Plaintiffs' claims are barred by *res judicata* and therefore has not shown it is entitled to dismissal of Plaintiffs' Complaint.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Fourmidable Group, Inc.'s Motion to Dismiss (Doc. 17) be, and the same hereby is, DENIED.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: October 7, 2026